**750-15**

ORIGINAL

Case no. 05-13-01053-CR

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

In the

Court of Criminal Appeals

In Texas

Phillip Pitts - Petitioner

Petition for Discretionary Review

FILED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

# Identity of all parties

## Trial Judge:

Hon. Gary Stephens Judge Sitting for the Hon. Carter Thompson of Criminal Court No. 5

| Attorneys for the state | Petitioner: |
|---|---|
| Reynie Tinajero, Asst. D.A. | Mr. Phillip Pitts |
| Amy Derrick, Asst. D.A. | Tdcj# 01872349 |
| Frank Crowley Building | 4000 Hwy 86 west |
| 133 N. Riverfront Blvd. | Tulia, Tx, 79088 |

**Apellate Division**
Craig Watkins D.A.
Frank Crowley Building
133 N. Riverfront Blvd.
Dallas, Tx 75207-4399

**Attorney for Petitioner at original Plea**
Carlton Hughes
118 Lynn Ave. Ste. 304
Lewisville, Tx 75057 SBOT: 07134500

**Attys. for Petitioner / Mtn. to withdraw Plea**
Peter Sminu and Brook Busbee
811 S. Central Expressway, Suite 442
Richardson, Tx 75080
SBOT: 24070407 / SBOT: 03488000

**Attorney for Petitioner on Appeal**
Valencia Bush
10000 N. Central Expwy ste 400
Dallas, Tx 75231

I.

# Table of Contents

Identity of the parties - - - - - - - - - - - - - - - - - - - - - - - - - - - I

Table of Contents - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - II

Index of Authorities - - - - - - - - - - - - - - - - - - - - - - - - - III - V

Statement regarding oral argument - - - - - - - - - - - - - - - - - - - VI

Statement of procedural History - - - - - - - - - - - - - - - - - - - - VII

Statement of the case - - - - - - - - - - - - - - - - - - - - - - - - - - - 1

Issues presented - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - 2

Argument and Authorities - - - - - - - - - - - - - - - - - - - - - - 2 - 16

Petitioners point of Error one - - - - - - - - - - - - - - - - - - - - - - 2

The trial court abused its discretion in denying Phillip Pitts' motion to withdraw his plea of guilt, because Phillip Pitts was denied Effective Assistance of Counsel.

Petitioners point of Error two - - - - - - - - - - - - - - - - - - - - - - 12

Phillip Pitts' plea of guilt was not Voluntary Due to ineffective Assistance of Counsel.

Prayer for relief - - - - - - - - - - - - - - - - - - - - - - - - - - - - - 17

Certificate of service - - - - - - - - - - - - - - - - - - - - - - - - - - 18

Appendix - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - 19

# Index of Authorities

## Supreme Court Cases

Brady v. United States, · · · · · · · · · · · · · · · · · · · · · · Pg. 13
397 U.S. 742, 748, (1970)

Strickland v. Washington, · · · · · · · · · · · · · · · · · · · · Pg. 4, Pg. 14
466 U.S. 668 (1984)


## Court of Criminal Appeals Cases

Cantu v. State, · · · · · · · · · · · · · · · · · · · · · · · Pg. 13
842 S.W. 2d 667, 682 (Tex. Crim. App. 1992)

Dinnery v. State, · · · · · · · · · · · · · · · · · · · · · Pg. 13
592 S.W. 2d 343, 353 (Tex. Crim. App. 1979)

Ex Parte Briggs, · · · · · · · · · · · · · · · · · · · · · Pg. 5
187 S.W. 3d 458 (Tex. Crim. App. 2005)

Ex Parte Burns, · · · · · · · · · · · · · · · · · · · · · Pg. 13
601 S.W. 2d 370, 372 (Tex. Crim. App. 1980)

Ex Parte Duffy, · · · · · · · · · · · · · · · · · · · · · Pg. 9
607 S.W. 2d 507, 517 (Tex. Crim. App. 1980)

Ex Parte Evans, · · · · · · · · · · · · · · · · · · · · · Pg. 14
690 S.W. 2d 274, 276 (Tex. Crim. App. 1985)

Ex Parte Gibauitch, · · · · · · · · · · · · · · · · · · · · Pg. 12
688 S.W. 2d 868, 871 (Tex. Crim. App. 1985)

Ex Parte Marez, · · · · · · · · · · · · · · · · · · · · · Pg. 5
505 S.W. 2d 930 (Tex. Crim. App. 1974)

Ex Parte Martinez, · · · · · · · · · · · · · · · · · · · · Pg. 5
195 S.W. 3d 713, 721 (Tex. Crim. App. 2006)

Ex Parte Welborn, .......................................... Pg. 8
785 S.W. 2d 391, 393 (Tex. Crim. App. 1990)

Hernandez v. state, ...................................... Pg. 4
726 S.W. 2d 53, 57 (Tex. Crim. App. 1986)

Hernandez v. state, ...................................... Pg. 4
988 S.W. 2 770, 770 (Tex. Crim. App. 1999)

Jackson v. state, ...................................... Pg. 3
590 S.W. 2d 514, 515 (Tex. Crim. App. 1979)

Lewis v. state, ...................................... Pg. 3
911 s.w. 2d 1, 7 (Tex. Crim. App. 1995)

Martinez v. state, ...................................... Pg. 12, 13
981 S.W. 2d 195 (Tex. Crim. App. 1998)

Mata v. state, ...................................... Pg. 4
226 S.W. 3d 425 (Tex. Crim. App. 2007)

Meyers v. state, ...................................... Pg. 14
623 S.W. 2d 397 (Tex. Crim. App. 1981)

Robinson v. state, ...................................... Pg. 3
16 S.W. 3d 808 (Tex. Crim. App. 2000)

Rylander v. state, ...................................... Pg. 9
101 S.w. 3d 107, 110-111 (Tex. Crim. App. 2003)

Studer v. state, ...................................... Pg. 2
799 S.W. 2d 263, 268 (Tex. Crim. App. 1990)

Thompson v. state, ...................................... Pg. 4, 14
9 S.W. 3d 808, 813 (Tex. Crim. App. 1999)

Wilkerson v. state, ...................................... Pg. 5
726 S.W. 2d 542, 548 (Tex. Crim. App. 1986)

# Court of Appeals Cases

Diaz v. state, - - - - - - - - - - - - - - - - - - - - - - - - - - - - Pg. 10
905 S.W.2d 302, 308 (Tex. App. - Corpus Christi (1995, no pet.)

Foster vs. state, - - - - - - - - - - - - - - - - - - - - - - - - Pg. 4
687 S.W.2d 65 (Tex. App. - Dallas 1985, pet. ref'd)

Haynes v. state, - - - - - - - - - - - - - - - - - - - - - - - - - Pg. 5
790 S.W.2d 828, 826 (Tex. App. - Austin 1990, no pet.)

Honeycutt v. state, - - - - - - - - - - - - - - - - - - - - - - - Pg. 13
82 S.W.3d 545 (Tex. App. - San Antonio 2002, pet. ref'd)

State v. Thomas, - - - - - - - - - - - - - - - - - - - - - - - - - Pg. 8
768 S.W.2d 335 (Tex. App - Houston [14th Dist.]

## Statutes and rules

Tex. R. App. Proc. 39.8 - - - - - - - - - - - - - - - - - - - - VII
Tex. R. App. Proc. 25.2 - - - - - - - - - - - - - - - - - - - - Pg. 1
Tex. R. App. Proc. 44.02(a) - - - - - - - - - - - - - - - - - Pg. 1, 11
Tex. R. App. Proc. 38.1 (a)2 - - - - - - - - - - - - - - - - - III
Tex. Pen. Code. 22.04(1) - - - - - - - - - - - - - - - - - - - Pg. 1
Tex. Code Crim. Proc. 26.13(b) - - - - - - - - - - - - - - - Pg. 13, 14

## Constitutions and Amendments

U.S. Const. Amend. VI - - - - - - - - - - - - - - - - - - - - Pg. 4, 11
Tex. Const. Art I, Sec 10 - - - - - - - - - - - - - - - - - - - Pg. 4

V.

## <u>Statement Regarding Oral Argument</u>

Pursuant to Tex. R. App. P. 39.8, Counsel waives oral argument herein Since the facts and legal arguments are adequately presented in the record.

VI.

## Statement of Procedural History

On May 19, 2015, The Court of Appeals affirmed Trial Courts Judgement in Trial Case no. F-1112902-L, Case no. 05-13-01053-CR. There was no motion for rehearing filed.

VII

## Statement of the Case

On May 17 2011, Petitioner Phillip Pitts entered an open plea of guilt to the offense of Injury to a child causing serious bodily injury before the Honorable Judge Gary Stephens, sitting for the Honorable Judge Carter Thompson of Criminal District Court 5. (RR2:4-6), (CR1:55-56). The state presented three witnesses before requesting a continuance based on the unavailability of a detective and medical experts. The trial court granted a continuance, and recessed the proceedings until May 20, 2013 (RR2:47). On May 20, 2013, after obtaining new counsel, Pitts moved to withdraw his plea of guilt on the basis that his plea was involuntary (RR3:4-23). After taking evidence on the motion, the trial court denied defense counsel's motion to withdraw Phillip Pitts' plea of guilt (RR3:41-42). More than a year after the Apellant entered his plea of guilt. On January 16 2013, Dr. Lisa Clayton was appointed to examine Phillip Pitts for Competency. (CR1:6). On July 22 2013, after presentation of the State, and Defense final witnesses, the court again denied counsel's renewed Motion to withdraw Pitts' Plea of guilt and sentenced Pitts to twenty years imprisonment in the Texas Department of Criminal Justice Institutional Division (RR4:87-88). Notice of Appeal was timely filed on July 22, 2013 (CR1:54), and Appeal is taken pursuant to Tex. R. App. P. 25.2 and Tex. Code. Crim. Proc. 44.02(b)

## Validity of the indictment

The indictment properly alleged the requisite elements of the offense of Injury to a child See Tex. Pen. Code. 22.04(1), (R1:19). Defense Counsel, Carlton Hughes, filed no pre-trial motion alleging any error in the indictment (see Clerks Record Volume 1). Thus, even if error did

1.

exist in the indictment, the error could not be raised on appeal. Tex.Code.Crim.Proc.Ann.Art.1.14(b). Studer v. State, 799 S.W.2d 263,268(Tex.Crim.App. 1990). Hughes also filed no pretrial discovery motions on behalf of Phillip Pitts. (see Clerks record Volume1)

## Issues Presented -

I. The trial Court abused its discretion in denying Phillip Pitts' motion to withdraw his plea of guilt, because Phillip Pitts was Denied Effective Assistance of Counsel.

II. Phillip Pitts plea of Guilt was involuntary Due to ineffective Assistance of Counsel.

## Petitioners Point of Error one -

I. The trial Court abused its discretion in denying Phillip Pitts' motion to withdraw his plea of guilt, because Pitts was denied effective assistance of Counsel.

## Argument and Authorities

Petitioner herein incorporates by reference the facts relevant to this issue contained in the statement of facts above.

2

## A.    Standard of review

The grant or denial of a Motion to Withdraw a plea of guilt on the ground of ineffective assistance of Counsel is a matter entirely within the trial Courts' discretion, after the Court has taken the Case under advisement. Jackson v. State, 590 S.W. 2d 514, 515 (Tex. Crim. App. 1979); Moreno v. State, 90 S.W. 3d 887, 889 (Tex. App -- San Antonio 2002, no pet.) Petitioner must show that the trial Courts' ruling lies outside the zone of reasonable disagreement when it refuses to allow Petitioner to withdraw his plea.

## B.    Preservation of Error

The defendant need not object in the trial Court to Counsels ineffective representation to preserve the issue for appellate review. Robinson v State, 16 S.W. 3d 808 (Tex. Crim. app. 2000).

## C.    The Law

At a hearing on the motion to withdraw a plea of guilt, the trial Court, sitting as the trier of fact, is the sole judge of the Credibility of the witnesses, and the weight to be given to their testimony Lewis v. state, 911 S.W. 2d 1, 7 (Tex. Crim. App. 1995) The reviewing Court may not Substitute its judgement for that of the trial Court unless the trial Court acts outside the reasonable Zone of disagreement

3

Foster vs. State, 687 S.W.2d 65 (Tex. App.-Dallas 1985, pet. ref'd). After a trial has admonished a defendant, received the plea and evidence, and passed the case for a pre-sentence investigation, the case has been taken under advisement. Id. An abuse of discretion is shown only when the trial courts ruling lies outside the "zone of reasonable disagreement". Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

## C2. Effective Assistance of Counsel

The effectiveness of counsel is evaluated under the standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984); Mata vs. State, 226 S.W.3d 425 (Tex. Crim. App. 2007). To prevail on a claim of ineffective assistance of counsel, Petitioner must show that (1) Counsels performance fell below an objective standard of reasonableness, and that (2) a reasonable probability exists that, but for trial counsels errors, the result would have been diffrent. The standard applies at both the guilt and punishment phases of trial. Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). The record must be sufficiently developed to overcome a strong presumption that counsel provided reasonable assistance of counsel. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1990). Petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional Judgement. Strickland, 466 U.S. at 690; Hernandez, 762 S.W.2d at 55. The right to effective assistance of counsel is guaranteed under both the federal and state constitutions. See U.S. Const. amend VI; Tex. Const. art. I Section 10. In Texas, a defendant in a criminal case is entitled to reasonably effective assistance of counsel.

4

Wilkerson v. state, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986)

C3        Duty to Investigate

Counsels duty to render effective assistance of Counsel includes an absolute duty to conduct a prompt investigation of the case, and to explore all avenues likely to lead to facts relevant to the merits of the case. Ex Parte Briggs, 187 S.W.3d 458 (Tex. Crim. App. 2005)(Counsel must Confer with the defendant Sufficiently to prepare a defense, and must Conduct an independant investigation of the facts. Ex. Parte Marez, 505 S.W.2d 930 (Tex. Crim. App. 1974) Failure of the attorney to investigate can render the defendants guilty plea involuntary. Haynes v. state, 790 S.W.2d 824 (Tex. App. — Austin 1990, no pet.). When assessing the reasonableness of an attorneys investigation, a reviewing Court must Consider the quantum of evidence already known to Counsel, and whether the known evidence would lead a reasonable attorney to investigate further. Ex Parte Martinez, 195 S.W.3d 713, 721 (Tex Crim. App. 2006). Counsel has a duty to interview both prosecution and defense witnesses. Florez v. state, 576 S.W.2d 632 (Tex. Crim. App. 1978) Ex Parte Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1980).

Application to the Instant Case

Petitioner argues that in the instant case, Attorney Hughes rendered ineffective assistance of Counsel by: (1) failing to Conduct a prompt investigation of the Circumstances of the Case by exploring all avenues likely to lead to facts relevant to the merits of the case (RR3:29-32; 2) by failing to Secure an adequate medical evaluation of Pitts' brain Seizure disorder to determine what effect said disorder may have

5

Contributed to the offense itself; and (3) by giving erroneous advice to Phillip Pitts that Pitts would receive probation if he entered an open plea of guilt to the offense.

In the instant case, the following testimony reflects the inadequvancy of counsels investigation of the facts relevant to the case.

Q) Okay. Did you Explore -- What did you see in his medical records?
A.) All I saw was that he was a partial seizure patient.

Q.) And did you have him looked at by any doctors?
A.) Just a neurologist.
Q.) Oh, you had him examined by a neurologist?
A.) His doctor
Q) Which doctor is that?
A.) I believe it was the neurologist. Thats where the medical records came from.
Q.) So you didnt take any action to have him looked at. You just looked at records that had to do with medical condition. You didnt have him tested to see any of the things that hes been tested for subsequent to your representation?
A.) All I remember, and this is just off memory, is just the neurologist.

Q.) My question is did you have him looked at by a neurologist or did you just look at a neurologist report that had already been

6

generated?

A.) I know the Epilepsy foundation has psychologist I dont -- I mean, its possible he could have gone to a psychologist with the Epilepsy foundation. I dont recall that.

Q.) Okay. Thats not an answer to my question. Lets make it simple. Did you say "I need to get a doctor to look at this guy before I proceed"?

A.) He'd already been looked at by a doctor.

Q.) Okay. So you didnt do anything forensically to look for a defense, you just looked at medical records?

A.) Well, he may have gone to a neurologist connected with the Epilepsy foundation.

Q.) But you dont know?

A.) I dont remember is what im saying.

Q.) Okay. But you do have that file someplace?

A.) Somewhere.

Q.) Okay. So if we adjourned until next Monday you could bring it?

A.) Possibly. Its probably in storage somewhere. These are records that I think he gave me.

Q.) Oh, you said he gave them to you?

A.) UH-huh (RR3:28).

The above testimony illustrates that counsel did not have the benefit of critical information subsequently discovered by new counsel prior to Pitts' plea of guilt to the offense. Counsel did not have Pitts examined to determine the extent of his brain damage or seizure issues, counsel could not say for sure what type of

7

doctor examined Pitts, or even what medical records he reviewed. He could not even produce the records he claimed to have reviewed. When Counsel was asked if he could produce the medical records reviewed he responded that "it's probably in storage somewhere. These are records that I think he gave me." (RR3:28). Counsel admitted that the extent of his contact with Pitts extended to meeting Pitts occasionally three or four times at coffee shops, and meeting with Pitts and his family on another occasion. (RR3:24). This acknowledgement supports that Hughes never took the initiative to interview the critical witnesses presented by new counsel during punishment, who attested to the severity and frequency of Pitts' seizures. (RR4:46-51), (RR4:58-59). An objective "failure to investigate" claim, may be grounded in showing that evidence existed which would have established (1) a potential defense or (2) a potential mitigating factor. Such a claim may even be established by a showing that simple investigative steps, such as pretrial discovery, would have revealed helpful information. Several cases support that it is fundamental that a criminal defense attorney must have a firm command of the facts of the case as well as the governing law before the attorney can render reasonably effective assistance of counsel. Ex Parte Welborn, 785 S.W.2d 391, 393 (Tex.Crim.App. 1990). In State v. Thomas, 768 S.W.2d 335 (Tex. App. - Houston [14th Dist.] 1989, no pet.) (Aggravated sexual assault): The Court held that the Defendant was denied effective assistance of counsel where Counsel failed to interview and call several witnesses who would have more fully advanced defendants consent defense. In Ex Parte Duffy, 607 S.W.2d 507, 517 (Tex.Crim.App. 1980) the court held that the decision to call a witness is generally a matter

8

of trial strategy, but the failure to interview a witness will be considered ineffective assistance of counsel when inaction precludes the accused from advancing a viable defense. An attorney has a professional duty to present all available testimony, and other evidence to support the defense of his client. Ex Parte Ybarra, 629 S.W.2d 943, 946 (Tex. Crim. App. [Panel op.] 1982). Criminal defense counsel has a responsibility to seek out and interview potential witnesses, and the failure to do so is to be ineffective, where the result is that any viable defense available to the accused is not advanced. Id Ex parte Duffy, 607 S.W.2d at 517. Pitts' viable defense was that he did not recall the incident, because he had a seizure while he took care of the child (RR4:66-67) (RR:55-56). Had Hughes taken the initiative and interviewed the employees of Krogers who worked with Pitts, he would have discovered that Pitts' seizure activity was far more serious than counsels initial cursory review of medical records (RR 46-49). If no strategic motive for trial counsels actions can be imagined, appellate courts cannot presume that counsels conduct fell within the wide range of reasonable professional assistance. Rylander v. state, 101 S.W.3d 107, 110, 111 (Tex. Crim. App. 2003). Bone v. state, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) In the case at bar, counsels trial strategy was not to investigate the extent of Pitts' medical condition, because Pitts told several stories to the police after the incident. (RR:28) counsels conclusion that this factor was inconsistent with a "Post seizure" "Confusion defense" is without merit because it was not based on any reliable scientific medical expertise. Pitts claimed he did not have a memory of the incident, he was afraid because the officer threatened his kids by saying "good luck seeing your kids again", and the stories were the officers version of the events (RR4:73-74)

9

In fact, defense expert Dr. McGarrahan noted that both she, and Dr. Clayton noted that "if you tell Phillip Pitts something he believes it, and there is no generalizing or abstract reasoning." (RR3:14). Even though Dr. Clayton found Pitts to be competent, the findings in her report as well as Dr. McGarrahans report, support Phillip Pitts claim that the stories he told were the officers versions of events, and that he told them because of threats made regarding his kids. (RR4:73-74). Although Hughes denied telling Pitts he would get probation if he entered a plea, Phillip Pitts insisted that Hughes told him he would get probation if he entered a plea of guilt. (RR4:74). Witness Violas testimony regarding hearing Hughes tell Pitts in a demanding voice "to sign it"! While Pitts attempted to say something prior to signing the documents provided support for the contention that the plea was not the product of Pitts' free will. The Court held in Diaz v. State, 905 S.W.2d 302 (Tex. App. --Corpus Christi 1995, no pet.) that appellant sustained his burden to show that his guilty plea was not knowingly, intelligently, and voluntarily made where counsel told the defendant that he would get probation. The Court reasoned that Diaz was not afforded effective assistance of counsel and reversed the conviction. In light of Pitts' cognitive brain disorder, the findings of both expert witnesses, the testimony of Pitts coworkers that witnessed the severity and frequency of Pitts' seizures, the testimony of attorney Brook Busby regarding her observations of Pitts' inability to retain information, and the total failure of counsel to pursue an available defense, the Petitioner request that this Court view the evidence presented above under the totality of the circumstances surrounding said plea.

Thus, because counsel did not investigate a viable defense that

Could have destroyed the necessary mental state required for a conviction of injury to a child, Counsels representation fell below that of a reasonably Competent attorney, and Phillip Pitts was denied effective assistance of Counsel. Where a defendant is denied effective assistance of Counsel as guaranteed under the Sixth Amendment of the United States Constitution, the error is Constitutional and must be reversed if some harm is shown. Tex. R. App. Proc. 44.02(a).

## Harm Analysis

Finally, rule 44.2(a), Texas rules of Apellant procedure provides as follows: If the appellate record in a Criminal Case reveals Constitutional error that is subject to harmless error review, the Court of appeals must reverse a judgement of Conviction or punishment unless the Court determines beyond a reasonable doubt that the error did not contribute to the Conviction or punishment

Phillip Pitts argues that he was harmed by denial of his Sixth Amendment Constitutional right to Effective assistance of Counsel that resulted in him being Sentenced to twenty years in the Texas Department of Criminal Justice, in spite of having a Viable defense to the Said offense. Thus, under the totality of the Circumstances Set out above, Pitts has proven objectively, by a preponderance of the evidence, that trial Counsels representation was ineffective, and that the trial Courts decision to deny Pitts' motion to withdraw his plea of guilt was outside the zone of reasonableness. This Court should reverse.

11

## Petitioners point of error two

Phillip Pitts Plea of Guilt was not Voluntary Due to Ineffective Assistance of Counsel.

## Argument and Authorities

Counsel reasserts, and incorporates by reference all the listed failures of Counsel set out in point of error 1. In support of argument that Phillip Pitts did not intelligently, knowingly, or Voluntarily enter his guilty plea.

## A.  Standard of Review

In assessing the Voluntariness of a guilty plea, The Appellate Court examines the record as a whole. Martinez v. State, 981 S.W. 2d 195, (Tex.Crim. App. 1998). A showing in the record that a defendant was admonished by the trial Court Creates a prima facie Showing that the plea was entered Knowingly and Voluntarily. Martinez v. State, 981 S.W. 2d 195, (Tex.Crim.App. 1998). The burden then shifts to the defendant to show that he entered the plea without understanding the Consequences of his action, and was harmed as a result. Ex Parte Gibauitch, 688 S.W. 2d 868, 871 (Tex.Crim. App. 1985); Pena v. State, 132 S.W. 3d 663, 666 (Tex.App.- Corpus Christi 2004, no Pet.).

## B.  Preservation of error

12

Counsel reasserts and incorporates by reference the Statement regarding Preservation of error Set out in Point of Error one (B)

## C. The Law

To be Voluntary, a guilty plea must be the expression of the defendants own free will, and must not be induced by threats, misrepresentations, or improper promises. Brady v. United States, 397 U.S. 742, 9 (1970); When a trial Court accepts a plea of guilty, the plea must not only be freely and voluntarily given by a mentally competent defendant, but must also be done knowingly and intelligently with sufficient awareness of all relevant circumstances and likely consequences. See Tex. Code. Crim. Proc. Ann. art. 26.13(b).; Brady v. United states, 397 U.S. 742, 748, (1970). Though a judicial Confession is generally Sufficient to support a defendants guilty plea, Dinnery v. State, 592 S.W. 2d 343 (Tex. Crim. App. 1979); Honeycutt v. state, 82 S.W. 3d 545 (Tex. App. — San Antonio 2002, pet ref'd), A guilty plea is not voluntary if made as a result of ineffective assistance of Counsel Ex Parte Burns, 601 S.W. 2d 370, 372 (Tex. Crim. App. 1980). A defendant who is properly admonished by the trial Court bears the heavy burden of proving that the plea was entered involuntarily. Martinez v. State, 981 S.W. 2d 195, (Tex. Crim. App. 1998) (holding appellant failed to overcome showing of voluntariness arising from written admonishments signed by appellant); Cantu v. State, 988 S.W. 2d 481, 484 (Tex. App. -- Houston 1st district. 1999, pet. ref'd) (finding insufficient evidence in the record to overcome showing of voluntariness arising from written admonishments). The Constitutional key to the validity of a guilty plea is that it

13

is Voluntarily and intelligently made. Meyers v. state, 623 S.w.2d 397 (Tex. Crim. app. 1981) (holding, that one basic tenet of our Criminal Jurisprudence is that a guilt plea entered by a defendant must be freely, knowing, and Voluntarily entered.). Ex parte Evans, 690 S.w.2d 274, 276 (1985)

(. Effective Assistance of Counsel

Counsel reasserts and incorporates by reference the standards for ineffective assistance of Counsel Set out in point of error one (d)

Application to the instant Case

Petitioner acknowledges that in the present Case the trial Court admonished him both orally, and in Writing in Compliance with Texas Code of Crim. Proc. 26.13(b) (RR2:4-6), (RI:55-56). However Petitioner argues that his plea was not knowingly and intelligently entered as the result of Counsels incorrect representations, and failure to Seek out relevant information that went to the very heart of Causation in his Case.

As indicated Previously, under the first part of the Strickland test as applied to guilty pleas, the defendant must show that his Counsels Performance fell below an Objective Standard of reasonableness, and once this burden is met a defendant must show that there is a reasonable Probability that, but for Counsels errors, he would have not entered his plea, and Would have insisted on going to trial. Strickland v. Washington, 466 U.S. 668, (1984), Thompson v. State, 9 s.w.3d 808, (Tex. Crim. App. 1999).

14

The entire investigation of petitioners case including meeting with Pitts on 3 occasions at coffee shops, and one other time with family members. Petitioner was denied the benefit of all information acquired by subsequent counsels investigation. (RR3;27).

The fact that Pitts experienced bruises during his more violent seizures certainly would have provided a viable explanation for how the child sustained his injuries (RR4: 46-49).

Thus, Petitioner has shown a reasonable probability that, but for counsels misrepresentation, that Petitioner would receive probation if he pled guilty, and Hughes' entire abdication of his duty to investigate. The petitioner was deprived of having the benefit of being aware of the exculpatory and mitigating evidence regarding his case that went to the very heart of how the incident occured, and did not knowingly or intelligently enter said plea.

Whether the Strickland-Hernandez standard has been met is judged by the totality of the representation rather than by isolated acts or omissions of trial counsel. Pitts could not knowingly and intelligently enter said plea without knowing the details of the exculpatory, and mitigation information contained in both doctors reports, and suppled by the witnesses observations of Pitts' behavior when he was in full blown seizure.

Dr. Mcgarrahans findings that Pitts' cognitive brain damage disorder impeded his ability to understand the effects

15

of an open plea, further support that Pitts' plea was not entered intelligently or knowingly. (RR3:14). Attorney Brook Busbees description that information told to Pitts seem to disappear as in a fog provides another basis for this Court to render this plea involuntary based on the totality of the Circumstances. (RR3:19).

The Circumstances Cited above Combine to Verify that Petitioners trial Counsels representation fell below an objective standard of reasonableness, and that but for Counsels failure to investigate the facts, and to interview Critical witnesses Pitts Would not have pled guilty, and insisted on going to trial.

Thus, Based on the record before the Court, the Petitioner has satisfied both prongs of the Strickland test, and shown by a preponderance of the evidence that Phillip Pitts' plea was involuntary. Therefor, this Court should reverse, or in the alternative remand the proceedings to the trial Court for further proceedings if the Court feels the issue of ineffective assistance of Counsel needs further development.

Finally, Petitioner reasserts and in Corporates by reference the harm analysis set out in Point of error number 1, and asserts that based on the factors listed above, this Court should reverse.

16

# Prayer for relief

Wherefore, premises considered, Petitioner prays this Court reverse Petitioners Conviction, reform this Conviction and grant Petitioner a new trial or in the alternative abate the proceedings for any further development of trial Counsels strategy that this Court deems necessary to determine the Validity of Petitioners Claims

respectfully Submitted

Phillip Pitts - Petitioner

Phillip Pitts #1872349
4000 Hwy 86 West
Tulia, Tx 79088

17

## Certificate of Service

I Certify that a true and correct copy of the above and foregoing Petition for Discretionary Review has been forwarded by U.S. Mail, postage prepaid, first class to the clerk of the court of Criminal Appeals, Abel Acosta P.O. Box 12308, Austin, Tx 78711-2308 on this the ____ day of June, 2015

Phillip Pitts

Petitioner, Pro se

## Declaration

I, Phillip Pitts, TDCJ #1872349 being presently incarcerated in the Texas Department of Criminal Justice in Swisher County, Texas Verify and declare under penalty of perjury that the foregoing statements are true and Correct. Executed on this the ____ day of June, 2015

Phillip Pitts

Phillip Pitts #1872349

Petitioner Pro se

18

# Appendix

1. Memorandum Opinion



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-13-01053-CR

---

## PHILLIP MERLE PITTS, Appellant
### V.
## THE STATE OF TEXAS, Appellee

---

On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause No. F-1112902-L

---

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

Phillip Merle Pitts was indicted for injury to a child causing serious bodily injury. He waived his right to a jury trial and entered an open plea of guilty. The trial court found the evidence supported guilt and passed the case for a later hearing. Pitts obtained new counsel and filed a motion to withdraw his guilty plea, which was denied. Following an evidentiary hearing, the trial court denied Pitts's renewed motion to withdraw his guilty plea, found him guilty, and sentenced him to twenty years in prison.

In two issues, Pitts argues the trial court abused its discretion by denying his motion to withdraw his guilty plea and his guilty plea was not voluntary because of ineffective assistance of counsel. We conclude appellant's first issue was not preserved for review and that trial counsel was not ineffective. We affirm the trial court's judgment.

Appellant was indicted for intentionally and knowingly causing serious bodily injury to a

child fourteen years of age or younger by "shaking complainant with defendant's hands, a deadly weapon, and by striking complainant against a countertop with defendant's hands, a deadly weapon, and by striking complainant with and against an unknown object, a deadly weapon, the exact nature and description of which is unknown and unknowable to the grand jury."

Appellant acknowledges the trial court gave the requisite statutory admonishments and correctly explained the range of punishment for the offense. *See* TEX. CODE CRIM. PROC. art. 26.13(a); TEX. PENAL CODE ANN. § 12.32. At the plea hearing, the trial court explained there was no plea bargain and that if appellant waived his right to a jury trial and pleaded guilty, the issue of punishment would be left to the trial court: "I could defer a finding of guilt and place you on what we call unadjudicated probation for as short a period as five years or I could find you guilty and send you to prison for life. Do you understand that there is no plea bargain?" Appellant responded, "Yes, Your Honor."

Appellant testified he freely and voluntarily waived his rights and freely and voluntarily entered his guilty plea. Appellant signed a judicial confession, which was admitted without objection, stating he committed the offense exactly as charged in the indictment. The trial court accepted appellant's guilty plea and heard evidence from three witnesses. The trial court found the evidence proved appellant's guilt, but did not find him guilty, and passed the case for a later hearing. Approximately eight months later, a court appointed competency expert found appellant competent to stand trial. Appellant obtained new counsel and filed a motion to withdraw his guilty plea. Following an evidentiary hearing, the trial court denied the motion.

A defendant may change his plea from guilty to not guilty if the request is timely. *Mendez v. State*, 138 S.W.3d 334, 345 (Tex. Crim. App. 2004). "[W]hen trial by jury has been waived, the defendant may change the plea from guilty to not guilty until the court pronounces judgment or takes the case under advisement." *Id.* When a defendant decides to withdraw his

guilty plea after the trial court has taken the case under advisement, the trial court has broad discretion to grant or deny the motion. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979); *Thompson v. State*, 852 S.W.2d 268, 269–70 (Tex. App.—Dallas 1993, no pet.).

Appellant's first issue argues the trial court abused its discretion by denying his motion to withdraw the guilty plea on the theory he was denied effective assistance of counsel. This theory, however, was not presented to the trial court. The motion to withdraw the plea and the evidence and the arguments made at the hearing indicate appellant sought to withdraw the guilty plea on the basis it was involuntary due to appellant's cognitive defects. While we may affirm a trial court's decision on any legal theory applicable to the case, it violates "ordinary notions of procedural default" for a court of appeals to reverse a trial court's decision on a legal theory not presented to the trial court by the complaining party. *Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002) (citing *State v. Mercado*, 972 S.W.2d 75, 77–78 (Tex. Crim. App. 1998) ("ordinary notions of procedural default" do not require a prevailing party to list or verbalize "in the trial court every possible basis for upholding" its decision). A trial court's decision will not be reversed on a theory the trial court did not have an opportunity to rule upon and upon which the non-appealing party did not have an opportunity to develop a complete factual record. *Id.*; *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998).

Because the complaint on appeal does not comport with the argument raised in the trial court, nothing is presented for appeal. *See Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009); *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004). We overrule appellant's first issue.

Appellant's second issue argues his counsel at the plea hearing was ineffective and his guilty plea was involuntary as a result. Appellant asserts his attorney at the plea proceeding was

ineffective for failing to investigate and obtain evidence to support a viable defense based on his brain seizure disorder. Appellant also contends counsel erroneously advised him he would receive probation if he pleaded guilty.

To prevail on a claim of ineffective assistance of counsel, appellant must prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's errors. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A claim of ineffective assistance of counsel must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Id.* (quoting *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)). Absent an opportunity for trial counsel to explain the conduct in question, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). In the context of a guilty plea, appellant must show that but for counsel's deficient performance, he would not have pleaded guilty and would have insisted upon going to trial. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999).

Here, appellant raised a claim of ineffective assistance of counsel in an amended motion for new trial, but there is no record of an evidentiary hearing on that motion. However, appellant's trial counsel testified as a witness for the State at the hearing on the motion to withdraw appellant's guilty plea, providing at least some record of counsel's strategy and an explanation of his conduct, although not in the context of an ineffective assistance challenge. We are mindful that on direct appeal, "the record is usually inadequately developed and 'cannot adequately reflect the failings of trial counsel' for an appellate court 'to fairly evaluate the merits

–4–

of such a serious allegation.'" *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) (quoting *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (quoting *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999))).

Appellant contends that he did not recall the offense because he had a seizure while taking care of the child. He argues counsel was ineffective for not interviewing appellant's co-workers to determine the frequency and severity of appellant's seizures. However, counsel testified there was no evidence in this case to support a post-seizure defense. Counsel testified that if a person suffers a grand mal seizure or loses consciousness, "quite often you will hear them say I don't know how I got under this table, I don't know how I got under this tree, what happened." Counsel further testified that "Mr. Pitts, unfortunately[,] giving multiple stories to the police over two or three days . . . is inconsistent with a Post-Seizure Confusion Defense. He's recalling something that would be the opposite of Post-Seizure Confusion." Counsel noted that appellant lacked any tongue abrasions. Finally, counsel testified that he "started looking at the medical records and [I] didn't see in the medical records, you know, Post-Ictus or Post-Seizure Confusion mentioned by doctors."

Counsel was experienced in representing clients referred to him by the Epilepsy Foundation. Counsel's son is an epileptic and suffers from tonic-clonic or grand mal seizures. Appellant, however, was described as a partial seizure patient. Counsel met with appellant several times at coffee shops to avoid a stressful environment. Counsel explained all of appellant's options and advised him against making an open plea of guilty. Appellant rejected the State's plea offer of eighteen years and decided to enter an open plea. Counsel did not know why appellant rejected the plea bargain, but it was appellant's decision.

Appellant argues counsel failed to obtain a medical evaluation of appellant's brain disorder to determine whether it may have contributed to the offense. But to obtain relief on a

failure to investigate claim, appellant must show what evidence would have been obtained by the investigation and that it would have helped him. *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (to obtain relief on ineffective assistance claim based on failure to call a witness "applicant must show that [the witness] had been available to testify and that his testimony would have been of some benefit to the defense."). Appellant presented no evidence that a medical evaluation would have produced helpful evidence about how his disorder contributed to the offense. The clinical psychologist who testified at the hearing on the motion to withdraw the guilty plea explained appellant's difficulty with processing information and that he would have difficulty understanding a plea if his attorney treated him like a normal client. She did not give any opinion about appellant's seizures, their frequency or severity, or whether in reasonable medical probability he had suffered a seizure at the time of the injury to the child. She offered no opinion regarding appellant's mental state at the time of the offense and acknowledged he had been found competent to stand trial by the court-appointed expert. Appellant failed to present any evidence that an additional medical evaluation would have produced helpful evidence.

Further, the evidence indicates that despite appellant's mental difficulties he is able to perform well in a job. Indeed, much of the mitigation evidence presented at the punishment hearing was inconsistent with appellant's assertion that he lacked the mental capacity to understand his guilty plea or was unable to function because of his seizures. He was a long time employee of Kroger, had been promoted from dairy manager to frozen food manager, and was in line for further promotions. Despite his brain condition, appellant's co-workers and supervisors thought highly of him and had confidence in his abilities to perform his job.

Finally, appellant relies on his own punishment testimony that Counsel told him he would get probation if he pleaded guilty. However, counsel testified he did not recommend appellant

–6–

enter an open plea of guilty and explained that it was risky considering the injuries to the victim. Counsel did not believe that appellant pleaded guilty thinking he would get probation. Counsel did not know why appellant rejected the State's offer after counsel explained the full range of possibilities. Appellant acknowledges that counsel denied telling appellant he would get probation if he pleaded guilty. Thus, there is conflicting evidence in the record on whether counsel advised appellant he would get probation if he pleaded guilty.

On this record, we conclude appellant failed to carry his burden to show that counsel performed below an objective standard of reasonableness. *See Lopez*, 343 S.W.3d at 143–44. We overrule appellant's second issue.

We affirm the trial court's judgment.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
131053F.U05

-7-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PHILLIP MERLE PITTS, Appellant

No. 05-13-01053-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F-1112902-L.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of May, 2015.

FROM:

Phillip Pitts
TDCJ 4000 Hwy 86 West
#1872349
Taho, TX 79088-3919

1218118

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

7015 3490 0001 8381 4250

TO:

Clerk of the C
Criminal Appe
N.I.I. D...

Hwy 86 west

7408-3919

CERTIFIED MAIL®

OF THE ENTRY/ADDRESS CO

7190 7001 8381 4250

11. 00001

UNITED STATES
POSTAL SERVICE®

1000

78711

U.S. POSTAGE
PAID
LAS VEGAS,NV
89123
JUN 13, 15
AMOUNT
$9.79
0012343-14

TO: Clerk of the Court of
Criminal Appeals

Abel Acosta

Po Box 12308